UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ICOA, INC., *Plaintiff*, :
vs. :
KEVIN QUAINTANCE, *Defendant*. :

C.A. No. 07-069S

**VERIFIED COMPLAINT**

**I. Introduction**

This is an action for injunctive relief, consequential and punitive damages as well as attorneys' fees stemming from: (1) Defendant's violations of: (a) the Lanham Act, as amended by the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (Count I); (b) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4) (Count II); and (c) RIGL § 9-1-2, which provides a civil cause of action to those damaged as a result of criminal conduct (Count IX); as well as (2) Defendant's common law acts of (a) conversion (Count IV); (b) fraud (Count V); (c) tortious interference with contract (Count VI); (d) interference with prospective business advantage (Count VII); and (d) breach of an employee's duty of loyalty (Count VIII).

**II. Parties, Jurisdiction and Venue**

1. Plaintiff, ICOA, INC. ("ICOA") is a Nevada corporation with a principal place of business located at 111 Airport Road, Warwick, Rhode Island 02889.

2. Defendant, KEVIN QUAINTANCE ("Quaintance") presently resides, upon information and belief, in California and maintains a mailing address at 2701 Laramie Gate Circle, Pleasanton, California 94566.

3. The jurisdiction of this Court is invoked under: (a) 28 U.S.C. § 1332, as ICOA and Quaintance are citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs; and (b) 28 U.S.C. § 1331, as Quaintance has violated: (i) the Lanham Act, as amended by the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and (b) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

4. Venue is proper under 28 U.S.C. § 1391 and pursuant to a choice of law and consent to venue provision contained within a stock purchase agreement executed by the parties (the "Stock Purchase Agreement"), a copy of which is attached as Exhibit 1. (See id., § 17(e) at 19).

## III. Facts

5. ICOA is in the business of providing various wireless internet access services to its clients, which include several large airports and hotels throughout the country. ICOA retains a portion of the fees paid by the end users of the wireless services and then remits a portion of the user fee to its client.

6. On or about September 8, 2004, ICOA entered into a stock purchase agreement (the "Stock Purchase Agreement") with AuthDirect, Inc. ("AuthDirect") and its selling stockholders pursuant to which ICOA purchased all of AuthDirect's capital stock. (AuthDirect was in the business of providing certain back-office settlement services necessary to process the type of wireless internet services provided by ICOA).

7. Quaintance was one of Authdirect's selling stockholders at the time of the sale to ICOA, owning some 43% of Authdirect's outstanding capital stock. (See Exhibit 1, Schedule 4(c) at 24).

8. The Stock Purchase Agreement provided, among other things, that ICOA was to pay Quaintance certain funds prior to and at the closing of the sale, and certain additional payments were to be made and stock offered over time pursuant to certain promissory notes to be executed. A copy of the November 1, 2005 promissory note consolidating and restating ICOA's obligations to Quaintance pursuant to the Stock Purchase Agreement in the principal amount of $94,000 (and reflecting monthly payments of $5,000 commencing December 1, 2005) is attached as Exhibit 2 (the "Note").

9. Following the AuthDirect stock sale, Quaintance moved from California to Rhode Island in order to serve as an employee of ICOA at its headquarters in Warwick, Rhode Island. Quaintance resigned as an ICOA employee and returned to California in March of 2006 but remained as an ICOA consultant and was paid as such by ICOA through July of 2006.

10. ICOA was unable to make the Note payments owed to Quaintance pursuant to the Stock Purchase Agreement, but up until January of 2007 discussions had been ongoing between ICOA and Quaintance with respect to resolving ICOA's liability in a mutually agreeable manner.

11. However, in January of 2007 ICOA learned that Quaintance had some time earlier illegally transferred four domain names owned by ICOA - (a) www.airportnetworksolutions.com; (b) www.airportwins.com; (c) www.authdirect.com; and (d) www.authdirect.net (the "Domain Names") – from ICOA's registrar, Network Solutions, Inc., to eNom, Inc., another domain name registrar selected by Quaintance. (Copies of invoices evidencing ICOA's registration of the Domain

Names with Network Solutions, Inc. are attached hereto as Exhibit 3). Upon information and belief, Quaintance was able to accomplish this domain name hijacking in June of 2006 (just prior to his termination as an ICOA consultant) by using the high level security user ID he had obtained while an ICOA employee and consultant. (A copy of an e-mail from Network Solutions, Inc. evidencing the transfer of the Domain Names to eNom, Inc. on June 28, 2006 is attached hereto as Exhibit 4).

12. The hijacked Domain Names were designed by ICOA to be utilized by end users of ICOA's wireless internet services. ICOA's system processes over 10,000 connections per day in over 2,000 locations, including 23 airports (which rely on ICOA's network to provide their flight information display system), over 3,000 rooms in Trump Resort Hotel in Atlantic City, 850 Panera Bread stores, 110 so-called recreational vehicle parks and over 60 marinas.

13. ICOA also learned that Quaintance had utilized his prior high level security user ID to gain unauthorized access to ICOA's so-called AuthDirect/Tollboth system, pursuant to which ICOA processes credit card payments for certain services provided by ICOA, and Quaintance began illegally diverting funds to his personal account, amounting, upon information and belief, to some $13,783.58, to date.

14. In addition, Quaintance illegally accessed private credit card numbers from a highly secure database maintained by ICOA and moved the credit card numbers from ICOA's AuthDirect/Tollbooth system to a private, non-secure database outside of ICOA's control, which violates and thus jeopardizes ICOA's agreements with merchant banks with respect to the processing of credit cards.

15. Quaintance has failed and refused to relinquish his unauthorized and illegal control of the Domain Names described in paragraph 11, above, despite due demand, which has caused and is causing ICOA to sustain irreparable harm as a result of its ongoing inability to: (a) transfer the domain names from eNOM, Inc. (the registrar Quaintance illegally registered the domains with) and to re-register the four domain names with ICOA's registrar (Network Solutions, Inc.); (b) provide a secure on-line environment to end users; and (c) properly process credit card transactions.

16. Rather than responding to ICOA's requests regarding the Domain Names, Quaintance filed a demand for arbitration with the American Arbitration Association on or about February 1, 2007 with respect to payments alleging owing under the Note, requesting that the arbitration be conducted in San Francisco, California. (See attached Exhibit 5). In fact, as noted, under the Stock Purchase Agreement, Quaintance consented to the exclusive jurisdiction of this Court and to the application of Rhode Island law with respect to "any legal action or proceeding arising out of or based upon th[e] Agreement." (See Exhibit 1, § 17(e) at 19).

**COUNT I – Anticybersquatting Consumer Protection Act,**
**15 U.S.C. §§ 1114(2)(D), 1125(d)**

17. ICOA repeats and realleges paragraphs 1 through 16, above, as if fully stated herein.

18. Quaintance acted in bad faith and intended to profit from four distinctive Domain Names which were owned at all relevant times by ICOA.

WHEREFORE, Plaintiff, ICOA, INC., hereby demands that an order enter:

a. temporarily, preliminarily and permanently enjoining Quiantance from: (a) continuing to exercise purported ownership rights and/or control over the Domain Names; and/or (b) accessing ICOA's so-

called AuthDirect/Tollboth system or any other proprietary software or systems owned by ICOA, or any subsidiary of ICOA's;

b. transferring any and all rights to the Domain Names to ICOA, pending further order of this Court;

c. compelling Quaintance to cooperate forthwith with ICOA's efforts to register the Domain Names with Network Solutions, Inc.;

d. awarding ICOA consequentiaal damages, in an amount to be proved at trial, plus interest;

e. awarding ICOA punitive damages, as well as reasonable attorneys' fees and costs; and

f. providing such other and further relief as this Court deems just and proper.

**COUNT II – Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4)**

19. ICOA repeats and realleges paragraphs 1 through 18, above, as if fully stated herein.

20. Quaintance knowingly and with intent to defraud accessed ICOA's computer, which was used in interstate commerce, causing damage to ICOA of more than $5,000 in a one-year period.

WHEREFORE, Plaintiff, ICOA, INC., hereby demands that an order enter:

a. temporarily, preliminarily and permanently enjoining Quiantance from: (a) continuing to exercise purported ownership rights and/or control over the Domain Names; and/or (b) accessing ICOA's so-called AuthDirect/Tollboth system or any other proprietary software or systems owned by ICOA, or any subsidiary of ICOA's;

b. transferring any and all rights to the Domain Names to ICOA, pending further order of this Court;

c. compelling Quaintance to cooperate forthwith with ICOA's efforts to register the Domain Names with Network Solutions, Inc.;

d. awarding ICOA consequentiaal damages, in an amount to be proved at trial, plus interest;

e awarding ICOA punitive damages, as well as reasonable attorneys' fees and costs; and

f. providing such other and further relief as this Court deems just and proper.

**COUNT III – Injunctive Relief (Stay of Arbitration)**

21. ICOA repeats and realleges paragraphs 1 through 20, above, as if fully stated herein.

22. Quaintance breached the choice of law and venue provision contained within the Stock Purchase Agreement by commencing an arbitration proceeding against ICOA in California based upon said Agreement. (See attached Exhibit 1, § 17(e) at 19).

WHEREFORE, Plaintiff, ICOA, INC., hereby demands that an order enter:

a. temporarily, preliminarily and permanently staying the American Arbitration Association proceeding commenced by Quaintance on or about February 1, 2007 entitled *Kevin Quaintance v. Erwin Vahlsing/ICOA Corporation*, with claim confirmation number 002-QHP-Y7L; and

b. providing such other and further relief as this Court deems just and proper.

**COUNT IV - Conversion**

23. ICOA repeats and realleges paragraphs 1 through 22, above, as if fully stated herein.

24 Quaintance converted the Domain Names and some $13,783.58 rightfully belonging to ICOA.

25. WHEREFORE, Plaintiff, ICOA, INC., hereby demands:

a. an award of consequential damages in an amount to be proved at trial, plus interest;

b. an award of punitive damages;

c. an award of reasonable attorneys' fees and costs; and

d. such other and further relief as this Court deems just and proper.

**COUNT V - Fraud**

26. ICOA repeats and realleges paragraphs 1 through 25, above, as if fully stated herein.

27. Quaintance: (a) falsely represented to ICOA while an employee and a consultant that it would keep ICOA's proprietary information confidential and not use it for its own gain; (b) intended for ICOA to rely on that representation by providing him with a high level security user ID. And ICOA: (c) justifiably relied upon the false representations of Quaintance and provided him with the ID; and (d) has been damaged as a result.

WHEREFORE, Plaintiff, ICOA, INC., hereby demands:

a. an award of consequential damages in an amount to be proved at trial, plus interest;

b. an award of punitive damages;

c. an award of reasonable attorneys' fees and costs; and

d. such other and further relief as this Court deems just and proper.

**COUNT VI – Tortious Intererence with Contract**

28. ICOA repeats and realleges paragraphs 1 through 27, above, as if fully stated herein.

29. Quaintance had full knowledge of the existence of a contract between ICOA and Network Solutions, Inc. relative to the registration of the Domain Names and intentionally interfered with the existence of this contract by in effect canceling it and re-registering the Domain Names with another registrar, which proximately resulted in damage to ICOA.

WHEREFORE, Plaintiff, ICOA, INC., hereby demands:

a. an award of consequential damages in an amount to be proved at trial, plus interest;

b. an award of punitive damages;

c. an award of reasonable attorneys' fees and costs; and

d. such other and further relief as this Court deems just and proper.

**COUNT VII – Interference with Prospective Business Advantage**

30. ICOA repeats and realleges paragraphs 1 through 29, above, as if fully stated herein.

31. Quaintance was well aware that the very existence of the Domain Names and of ICOA's Auth/Direct/Tollbooth system was premised upon an expectation of a business relationship among prospective users of ICOA's wireless internet products and engaged in an intentional act of interference, which was the proximate cause of damage to ICOA.

WHEREFORE, Plaintiff, ICOA, INC., hereby demands:

a. an award of consequential damages in an amount to be proved at trial, plus interest;

b. an award of punitive damages;

c. an award of reasonable attorneys' fees and costs; and

d. such other and further relief as this Court deems just and proper.

**COUNT VIII – Breach of Employee Loyalty**

32. ICOA repeats and realleges paragraphs 1 through 31, above, as if fully stated herein.

33. Quaintance breached the duty of loyalty he owed ICOA when he knowingly and willfully used confidential information had had obtained while in ICOA's employ to hijack the Domain Names and wrongfully divert funds owing to ICOA into his personal account.

WHEREFORE, Plaintiff, ICOA, INC., hereby demands:

a. an award of consequential damages in an amount to be proved at trial, plus interest;

b. an award of punitive damages;

c. an award of reasonable attorneys' fees and costs; and

d. such other and further relief as this Court deems just and proper.

**Count IX - RIGL § 9-1-2**

34. ICOA repeats and realleges paragraphs 1 through 33, above, as if fully stated herein.

35. Quaintance committed larceny under Rhode Island law and violated the federal Computer Fraud and Abuse Act. See 18 U.S.C. § 1030(a)(4).

36. The commission of the above offenses by Quaintance gives rise to a cause of action under RIGL § 9-1-2, which provides that Quaintance shall be liable to all persons who have suffered any injury by reason of the commission of said offenses.

WHEREFORE, Plaintiff, ICOA, INC., hereby demands:

a. an award of consequential damages in an amount to be proved at trial, but in no event than twice the amount taken by larceny, plus interest;

b. an award of punitive damages;

c. an award of reasonable attorneys' fees and costs; and

d. such other and further relief as this Court deems just and proper.

Being duly sworn, I hereby depose and say that I have read the above Verified Complaint on this 22nd day of February, 2007, and that the facts stated therein I know to be true of my own personal knowledge.

ERWIN VAHLSING, JR., as
Secretary, Treasurer and
Chief Financial Officer of
Plaintiff, ICOA, Inc.

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Notary Public
My Commission Expires: 9/13/09
Michael K. Glucksman

And by Plaintiff's attorney,

Anthony F. Cottone, #3922
55 Dorrance Street
Suite 400
Providence, RI 02903
Tel: (401) 578-5696
Fax: (401) 861-2922
cottonelaw@cox.net

**CERTIFICATION**

I hereby certify that a true and accurate copy of the above Verified Complaint, as well as a true and accurate copy of the Summons in the above matter, was sent by certified mail, return receipt requested, postage pre-paid, to Kevin Quaintance, 2701 Laramie Gate Circle, Pleasanton, CA 94566, and was also sent to Kevin Quaintance by fax at (831) 597-9880 and by electronic mail at kevin@quaintance.net, on this 22nd day of February, 2007.