UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ICOA, INC.

VS. CA NO: 07-069S

KEVIN QUAINTANCE

# ANSWER

## I. INTRODUCTION

The introduction section of the Plaintiff's Complaint sets forth legal conclusions to which no response should be deemed necessary. To the extent that a response is required, the Defendant denies that he has committed any act that falls within the parameters of the claims set forth therein.

## II. PARTIES, JURISDICTION AND VENUE

1. Admit.

2. Admit.

3. Admit that the claim is based upon the diverse residence of the parties, but leave Plaintiff as to its proof that the amount in controversy exceeds $75,000.00, and denied that any cognizable claims are set forth under the Anticybersquatting Consumer Protection Act, 15 USC §1125(d), or the Computer Fraud and Abuse Act, 18 USC §1030(a)(4) that would invoke the federal question jurisdiction of this Court.

4. Admit.

## III. FACTS

5. Admit.

6. Admit.

7. Admit.

8. Admit that ICOA was obligated to pay funds as stated by Plaintiff. Denied that the Promissory Notes as referred to as Exhibit 2 was a document contemplated at the time the Stock Purchase Agreement was executed between the parties.

9. Admit that Defendant resigned in March 2006. Denied that Defendant remained a consultant through July 2006.

10. Admit that ICOA did not make payments as agreed. Denied that negotiations regarding payment continued through January 2007.

11. Denied.

12. Admit that ICOA used the Domain Names in its business. Denied that the names were "hijacked."

13. Denied.

14. Denied.

15. Denied.

16. Admit that Defendant filed arbitration request. Denied as to the validity of the Stock Purchase Agreement.

**COUNT I - Anticybersquatting Consumer Protection Act, 15 USC §§ 1114(2)(D), 1125(d)**

17. Defendant restates his responses to paragraphs one through sixteen as if fully set forth herein.

18. Denied.

WHEREFORE, Defendant demands that Plaintiff's claims be dismissed, that its request for injunctive relief be denied, and that he be awarded judgment for his costs, plus reasonable attorneys fees.

**COUNT II - Computer Fraud and Abuse Act, 18 USC § 1030(a)(4)**

19. Defendant restates his responses to paragraphs one through eighteen as if fully set forth herein.

20. Denied.

WHEREFORE, Defendant demands that Plaintiff's claims be dismissed, that its request for injunctive relief be denied, and that he be awarded judgment for his costs, plus reasonable attorneys fees.

**COUNT III - Injunctive Relief (Stay of Arbitration)**

21. Defendant restates his responses to paragraphs one through twenty as if fully set forth herein.

22. Denied.

WHEREFORE, Defendant demands that Plaintiff's claims be dismissed, that its request for injunctive relief be denied, and that he be awarded judgment for his costs, plus reasonable attorneys fees.

**COUNT IV - Conversion**

23. Defendant restates his responses to paragraphs one through twenty-two as if fully set forth herein.

24. Denied.

25. WHEREFORE, Defendant demands that Plaintiff's claims be dismissed, that its request for injunctive relief be denied, and that he be awarded judgment for his costs, plus reasonable attorneys fees.

**COUNT V - Fraud**

26. Defendant restates his responses to paragraphs one through twenty-five as if fully set forth herein.

27. Denied.

WHEREFORE, Defendant demands that Plaintiff's claims be dismissed, that its request for injunctive relief be denied, and that he be awarded judgment for his costs, plus reasonable attorneys fees.

**COUNT VI - Tortious Interference with Contract**

28. Defendant restates his responses to paragraphs one through twenty-seven as if fully set forth herein.

29. Denied.

WHEREFORE, Defendant demands that Plaintiff's claims be dismissed, that its request for injunctive relief be denied, and that he be awarded judgment for his costs, plus reasonable attorneys fees.

**COUNT VII - Interference with Prospective Business Advantage**

30. Defendant restates his responses to paragraphs one through twenty-nine as if fully set forth herein.

31. Denied.

WHEREFORE, Defendant demands that Plaintiff's claims be dismissed, that its request for injunctive relief be denied, and that he be awarded judgment for his costs, plus reasonable attorneys fees.

**COUNT VIII - Breach of Employee Loyalty**

32. Defendant restates his responses to paragraphs one through thirty -one as if fully set forth herein.

33. Denied.

WHEREFORE, Defendant demands that Plaintiff's claims be dismissed, that its request for injunctive relief be denied, and that he be awarded judgment for his costs, plus reasonable attorneys fees.

**COUNT IX - RIGL § 9-1-2**

34. Defendant restates his responses to paragraphs one through thirty -three as if fully set forth herein.

35. Denied.

36. Denied.

WHEREFORE, Defendant demands that Plaintiff's claims be dismissed, that its request for injunctive relief be denied, and that he be awarded judgment for his costs, plus reasonable attorneys fees.

## AFFIRMATIVE DEFENSES

A. Plaintiff's Complaint fails to state a claim for which relief can be granted and should be dismissed pursuant to FRCP 12(b)(6).

B. Defendant pleads the affirmative defense of Novation in that the Stock Purchase Agreement, referred to as Exhibit 1 to Plaintiff's Complaint has been superseded by a Subscription Agreement, the same which is attached to Defendant's Counterclaim as Exhibit B.

C. Plaintiff fails to set forth a claim for injunctive relief, and is expressly limited by the federal statutes upon which he relies from seeking injunctive relief.

D. Plaintiff cannot seek equitable remedies since it is guilty of conduct that is inequitable and does not come to this Court with clean hands.

E. Plaintiff does not have the corporate authority to maintain a claim in the State of Rhode Island, and its actions are therefore ultra vires.

F. Plaintiff's claims under Count I must fail since it lacks the requisite entitlement to use of the domain names for which it seeks to recover damages, or obtain injunctive relief.

G. This Court lacks jurisdiction since there is no federal question jurisdiction, and the amount in controversy does not support jurisdiction based upon the diversity of the parties.

Defendant demands a trial by jury and designates Mark B. Morse as trial counsel.

DEFENDANT
By his attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

To: Anthony F. Cottone
55 Dorrance Street, Suite 400
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ICOA, INC.

VS. CA NO: 07-069S

KEVIN QUAINTANCE
---------------------------------------
KEVIN QUAINTANCE

VS.

ICOA, INC., Alias

**COUNTERCLAIM**

**I. INTRODUCTION**

Counterclaim Plaintiff brings the within action against ICOA, Inc. alleging breach of contract, misrepresentation, breach of fiduciary duty, and securities fraud claims pursuant to The Securities Exchange Act of 1934 , § 10(b), 15 U.S.C. § 78j(b).

**II. PARTIES AND JURISDICTION**

1. Counterclaim Plaintiff is an individual who is a resident, domiciliary and citizen of the State of California.

2. Counterclaim Defendant ICOA, Inc. is a corporation duly organized and existing consistent with the laws of the State of Nevada. Counterclaim Defendant ICOA, Inc. has its principal place of business in Warwick, Rhode Island.

3. Jurisdiction is invoked under 28 USC § 1332 on the basis that the Counterclaim Plaintiff and Counterclaim Defendant are citizens of different states, and the amount in controversy exceeds seventy five thousand ($75,000.00) and 00/00 dollars, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. §1391 since at least one of the Defendants resides in, and is a citizen of the State of Rhode Island, and a substantial part of the claims or omissions which give rise to Counterclaim Plaintiff's claims arise in the State of Rhode Island.

**COUNT I: BREACH OF CONTRACT**

5. On or about September 8, 2004 Counterclaim Defendant ICOA, Inc. (hereinafter ICOA) entered into a stock purchase agreement with Authdirect, Inc., and its shareholders including Authdirect, Inc. shareholder Counterclaim Plaintiff Kevin Quaintance (hereinafter Quaintance) who held 43% of the total outstanding shares of Authdirect, Inc. A copy of the September 8, 2004 Stock Purchase Agreement is attached as **Exhibit A.**

6. At the time of the acquisition, consistent with the terms of the Agreement, ICOA promised to pay for a cash total of one hundred seventy ($170,000.0) and 00/00 dollars, to deliver 1,500,000 common stock of ICOA, Inc., warrants for the purchase of an additional 1,500,000 common stock of ICOA, Inc., and the payment of eighty thousand ($80,000.00) and 00/00 dollars to the Authdirect, Inc. shareholders pursuant to the terms of promissory notes referred to in **Exhibit A**.

7. ICOA failed to comply with the terms of the Agreement as referred to in Exhibit A, and as a consequence of the same, on or about November 1, 2005 ICOA and Quaintance agreed to restructure the terms of the promissory notes referenced in Exhibit A and executed a document referred to as "Subscription Agreement" as attached as **Exhibit B**.

8. In connection with the restructure of the Exhibit A Promissory Notes, on or about November 1, 2005, ICOA executed three Convertible Promissory Notes to the benefit of Quaintance in the amount of $15,196.21 (**Exhibit C:** the Grabel Note), a promissory note in the amount of $14,246.78 (**Exhibit D:** the Visa Note),and a promissory note in the amount of $94,000.00 (**Exhibit E**)

9. On or about November 1, 2005, in order to induce Quaintance to execute the November 1, 2005 Promissory Notes (**Exhibits C, D** and **E)**, ICOA granted to to Quaintance a security interest subordinate to an existing lienholder, pledging certain property therein identified

until it satisfied its obligations to Quaintance. A copy of the Security Agreement is attached as **Exhibit F**.

10. Thereafter, Counterclaim Defendant ICOA failed to make payment as required by the terms of the aforesaid Notes**; Exhibit C, D** and **E**.

11. Quaintance made demand consistent with the terms as stated therein, however despite said demands, ICOA failed to cure said default, and has remained in default for a period exceeding thirty (30) days.

12. The amount due to Quaintance pursuant to the terms of the promissory notes **Exhibit C, D** and **E**, through March 16, 2007 is four hundred thirty nine thousand nine hundred seventy four ($439,974.51) and 51/00 dollars. ICOA has been credited with all sums paid by it or on its account, including those sums credited to ICOA consistent with the powers exercised by Quaintance through the terms of the Security Agreement, **Exhibit D** . A summary of the amounts due through March 16, 2007 is attached hereto as **Exhibit G.**

WHEREFORE, Counterclaim Plaintiff, Kevin Quaintance prays that he be awarded judgment in the sum of four hundred thirty nine thousand nine hundred seventy four ($439,974.51) and 51/00 dollars, plus interest, penalties and late fees consistent with the terms of the Note, interest, reasonable attorneys fees, and other such relief as this Court deems meet and just.

**COUNT II: FRAUD / MISREPRESENTATION AGAINST ICOA**

13. Counterclaim Plaintiff realleges paragraphs one through eleven as if fully set forth herein.

14. At the time that ICOA entered into the Promissory Notes **Exhibits C t**o **E**, and the Security Agreement **Exhibit F** herein, it did not intend to honor the terms of the Promissory Notes, nor did it intend to fulfill its obligations under the Security Agreement **Exhibit F**, but intentionally misrepresented its intentions to Counterclaim Plaintiff in order to induce

Counterclaim Plaintiff to extend credit and provide services to Counterclaim Defendant.

15. Counterclaim Defendant relied upon said representations to his detriment.

WHEREFORE, Counterclaim Plaintiff, Kevin Quaintance prays that he be awarded judgment in the sum of four hundred thirty nine thousand nine hundred seventy four ($439,974.51) and 51/00 dollars, plus punitive damages, interest, penalties and late fees consistent with the terms of the Note, interest, reasonable attorneys fees, and other such relief as this Court deems meet and just.

Counterclaim Plaintiff demands a trial by jury and designates Mark B. Morse as trial counsel.

COUNTERCLAIM PLAINTIFF
By his attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

To: Anthony F. Cottone
55 Dorrance Street, Suite 400
Providence, RI 02903

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: April 19, 2007 /s/ Mark B. Morse