UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ICOA, INC.

VS. CA NO: 07-069S
Jury Trial Requested

KEVIN QUAINTANCE
---------------------------------------
KEVIN QUAINTANCE

VS.

ICOA, INC., Alias,
ERWIN VAHLSING, JR. Alias and
GEORGE STROUTHOPOULOS; Alias

**AMENDED COUNTERCLAIM AND THIRD PARTY COMPLAINT**

## I. INTRODUCTION

Counterclaim and Third Party Plaintiff brings the within action against ICOA, Inc. alleging breach of contract, misrepresentation, breach of fiduciary duty, and common law fraud claims pursuant to Rhode Island law.

## II. PARTIES AND JURISDICTION

1. Counterclaim and Third Party Plaintiff is an individual who is a resident, domiciliary and citizen of the State of California.

2. Counterclaim Defendant ICOA, Inc. is a corporation duly organized and existing consistent with the laws of the State of Nevada. Counterclaim Defendant ICOA, Inc. has its principal place of business in Warwick, Rhode Island.

3. Third Party Defendant George Strouthopoulos is a resident and citizen of the State of Rhode Island. At all times pertinent hereto Third Party Defendant George Strouthopoulos was a director and Chief Executive Officer of the Counterclaim Defendant ICOA, Inc.

4. Third Party Defendant Erwin Vahsling, Jr. is a resident and citizen of the State of Rhode Island. At all times pertinent hereto Third Party Defendant Erwin Vahsling, Jr. was a director and Chief Financial Officer of the Counterclaim Defendant ICOA, Inc.

5. Jurisdiction is invoked under 28 USC § 1332 on the basis that the Counterclaim Third Party Plaintiff, and Counterclaim Defendant, and Third Party

Defendants are citizens of different states, and the amount in controversy exceeds seventy five thousand ($75,000.00) and 00/00 dollars, exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. §1391 since at least one of the Counterclaim or Third Party Defendants reside in, and is a citizen of the State of Rhode Island, and a substantial part of the claims or omissions which give rise to Counterclaim and Third Party Plaintiff's claims arise in the State of Rhode Island.

**COUNT I: BREACH OF CONTRACT**

7. On or about September 8, 2004 Counterclaim Defendant ICOA, Inc. (hereinafter ICOA) entered into a stock purchase agreement with Authdirect, Inc., and its shareholders including Authdirect, Inc. shareholder Counterclaim and Third Party Plaintiff Kevin Quaintance (hereinafter Quaintance) who held 43% of the total outstanding shares of Authdirect, Inc. A copy of the September 8, 2004 Stock Purchase Agreement is attached as **Exhibit A.**

8. At the time of the acquisition, consistent with the terms of the Agreement, ICOA promised to pay for a cash total of one hundred seventy ($170,000.0) and 00/00 dollars, to deliver 1,500,000 common stock of ICOA, Inc., warrants for the purchase of an additional 1,500,000 common stock of ICOA, Inc., and the payment of eighty thousand ($80,000.00) and 00/00 dollars to the Authdirect, Inc. shareholders pursuant to the terms of promissory notes referred to in **Exhibit A**.

9. ICOA failed to comply with the terms of the Agreement as referred to in Exhibit A, and as a consequence of the same, on or about November 1, 2005 ICOA and Quaintance agreed to restructure the terms of the promissory notes referenced in Exhibit A and executed a document referred to as "Subscription Agreement" as attached as **Exhibit B**.

10. In connection with the restructure of the Exhibit A Promissory Notes, on or about November 1, 2005, ICOA executed three Convertible Promissory Notes to the benefit of Quaintance in the amount of $15,196.21 (**Exhibit C:** the Grabel Note), a promissory note in the amount of $14,246.78 (**Exhibit D:** the Visa Note), and a promissory note in the amount of $94,000.00 (**Exhibit E**)

11. On or about November 1, 2005, in order to induce Quaintance to execute the November 1, 2005 Promissory Notes (**Exhibits C, D** and **E)**, ICOA granted to Quaintance a security interest subordinate to an existing lienholder, pledging certain property therein identified until it satisfied its obligations to Quaintance. A copy of the Security Agreement is attached as **Exhibit F**.

12. Thereafter, Counterclaim Defendant ICOA failed to make payment as required by the terms of the aforesaid Notes**; Exhibit C, D** and **E**.

13 Quaintance made demand consistent with the terms as stated therein, however despite said demands, ICOA failed to cure said default, and has remained in default for a period exceeding thirty (30) days.

14. The amount due to Quaintance pursuant to the terms of the promissory notes **Exhibit C, D** and **E**, through May 2, 2007 is five hundred sixteen thousand sixty four ($516,064.35) and 35/00 dollars. ICOA has been credited with all sums paid by it or on its account, including those sums credited to ICOA consistent with the powers exercised by Quaintance through the terms of the Security Agreement, **Exhibit D**. A summary of the amounts due through May 2, 2007 is attached hereto as **Exhibit G.**

WHEREFORE, Counterclaim and Third Party Plaintiff, Kevin Quaintance prays that he be awarded judgment in the sum of five hundred sixteen thousand sixty four ($516,064.35) and 35/00 dollars, plus interest, penalties and late fees consistent with the terms of the Note, interest, reasonable attorneys fees, and other such relief as this Court deems meet and just.

**COUNT II: FRAUD / MISREPRESENTATION AGAINST ICOA**

15. Counterclaim and Third Party Plaintiff realleges paragraphs one through thirteen as if fully set forth herein.

16. At the time that ICOA entered into the Promissory Notes **Exhibits C t**o **E**, and the Security Agreement **Exhibit F** herein, it did not intend to honor the terms of the Promissory Notes, nor did it intend to fulfill its obligations under the Security Agreement **Exhibit F**, but intentionally misrepresented its intentions to Quaintance in order to induce Quaintance to extend credit and provide services to Counterclaim Defendant.

17. Quaintance relied upon said representations to his detriment.

WHEREFORE, Counterclaim and Third Party Plaintiff, Kevin Quaintance prays that he be awarded judgment in the sum of five hundred sixteen thousand sixty four ($516,064.35) and 35/00 dollars, plus punitive damages, interest, penalties and late fees consistent with the terms of the Note, interest, reasonable attorneys fees, and other such relief as this Court deems meet and just.

**COUNT III: FRAUD / MISREPRESENTATION AGAINST ICOA, INC. ERWIN VAHLSING, JR. and GEORGE STROUTHOPOULOS**

18. Counterclaim and Third Party Plaintiff realleges paragraphs one through thirteen as if fully set forth herein.

19. At the time that ICOA, Inc. entered into the Stock Purchase Agreement **Exhibit A** herein, Third Party Defendants Erwin Vahsling, Jr. and George

Strouthopoulos represented to Quaintance that the corporation, ICOA, Inc.'s financial condition and compliance with legal regulations was, in all material respects as stated in its then existing securities filings, including without limitation its Form 10K, 10Q and 8K Statements as published by the Securities Exchange Commission.

20. At the time the statements were made to Quaintance they were materially false, were then and then known to be false, and were made with the intent to deceive Quaintance.

21. At the time the statements were made, the Third Party Defendants, and each of them failed to disclose that ICOA, Inc. was substantially in arrears for payments due to the Internal Revenue Service for failing to remit withholding payroll taxes deducted from its employees, which said debt was later learned through an SEC report filed in November 2006 to be in excess of one million three hundred thousand four hundred forty ($1,300,440.00) and 00/00 dollars. A copy of the November 2006 SEC 10Q Statement reflecting the payroll tax liability is attached as **Exhibit H.**

22. Upon information and belief, the Internal Revenue Service has not authorized Counterclaim Defendant ICOA, Inc. to accrue withholding payroll taxes in the manner in which Counterclaim Defendant is doing, and Counterclaim Defendant, under the direction and control of Third Party Defendants George Strouthopoulos and Erwin Vahlsing, Jr. has willfully failed to remit payroll taxes to the Internal Revenue Service in violation of applicable civil and criminal provisions of the Internal Revenue Code.

23. Quaintance would not have entered into the stock purchase agreement and sold his shares in Authdirect, Inc. on a credit basis to the Counterclaim Defendant but for the misrepresentations of the Third Party Defendants.

24. Quaintance relied upon said representations to his detriment.

WHEREFORE, Counterclaim and Third Party Plaintiff, Kevin Quaintance prays that he be awarded judgment in the sum of five hundred sixteen thousand sixty four ($516,064.35) and 35/00 dollars, plus punitive damages, interest, penalties and late fees consistent with the terms of the Note, interest, reasonable attorneys fees, and other such relief as this Court deems meet and just.

Counterclaim and Third Party Plaintiff demands a trial by jury and designates Mark B. Morse as trial counsel.

COUNTERCLAIM AND THIRD
PARTY PLAINTIFF
By his attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

To: Anthony F. Cottone
55 Dorrance Street, Suite 400
Providence, RI 02903

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: May 3, 2007 /s/ Mark B. Morse