# EXHIBIT C

# COVER PAGE

---

This page is intentionally blank. Exhibit begins on next page.

**THIS NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "ACT") OR ANY STATE SECURITIES LAWS AND THIS NOTE MAY NOT BE OFFERED, SOLD, TRANSFERRED, PLEDGED OR OTHERWISE DISPOSED OF EXCEPT PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT UNDER SUCH ACT AND SUCH LAWS OR AN EXEMPTION FROM REGISTRATION UNDER SUCH ACT AND SUCH LAWS WHICH, IN THE OPINION OF COUNSEL SATISFACTORY TO THE COMPANY, IS AVAILABLE.**

**Promissory Note**

$ 15,196.21 November 1, 2005

**FOR VALUE RECEIVED, ICOA, INC.**, a Nevada corporation having an office at 111 Airport Road, Warwick, Rhode Island 02889 (the "Company"), hereby promises to pay to Kevin Quaintance, (the "Holder") or to Graebel Van Lines, Dept. 1731, Denver, CO 80291-1731 (the "Creditor") for the account # 142005/942of the holder, the principal sum of $15,196.21 together with interest from the date hereof until the principal hereof and all interest thereon shall have been paid.

The Company shall pay to the Holder or Creditor $1,121 per month until the principal hereof and all interest thereon shall have been paid.

All or some of the principal amount of this Note, and all accrued interest thereon, may be prepaid by the Company, without premium or penalty, at any time without notice.

All payments of principal and interest shall be made to the Holder or Creditor in lawful currency of the United States of America to the address set forth above or such other address as to which the Holder shall notify the Company in writing.

If the Company:

(i) shall fail to make a payment of principal or interest when due and such failure shall continue for thirty (30) days after notice of such failure; or

(ii) shall make an assignment for the benefit of creditors, file a petition in bankruptcy, be adjudicated insolvent or bankrupt, suffer an order for relief under any federal bankruptcy law, petition or apply to any tribunal for the appointment of a custodian, receiver or any trustee for the Company or any substantial part of its assets; or

(iii) shall commence any proceeding under any bankruptcy, reorganization, arrangement, readjustment of debt, dissolution or liquidation law or statute of any jurisdiction, whether now or hereafter in effect; or if there shall have been filed any such petition or application, or any such proceeding shall have been commenced against the Company, which remains undismissed, unstayed or unbonded for a period of thirty (30) days or more; or

(iv) by any act or omission shall indicate consent to, approve or acquiescence in any such petition, application or proceeding or the appointment of a custodian, receiver or any trustee for all or any substantial part of its properties; or

(v) shall allow such custodianship, receivership, or trusteeship to continue undischarged, unstayed or unbonded for a period of thirty (30) days or more; or

(vi) violates any term or provision of this Note, or fails to honor any covenant under this Note, and same remains uncured for a period of thirty (30) days after notice thereof by the Holder of this Note;

then and in any such event, the outstanding principal amount of this Note, together with all accrued and unpaid interest thereon, shall be and become immediately due and payable and the Holder shall have the rights specified under the Security Agreement between the Holder and the Company of even date herewith..

All notices and other communications provided for herein shall be sent by registered or certified mail, return receipt requested, or by personal delivery or via a nationally recognized overnight courier to the Holder or the Company, at their respective addresses as set forth herein, or to such other address as to which either party may advise the other by notice given in accordance with this provision. All such notices shall be deemed given upon the earlier of receipt or within five (5) business days of mailing if receipt is refused.

Notwithstanding any other provision of this Note, interest under this Note shall not exceed the maximum rate permitted by law; and if any amount is paid under this Note as interest in excess of such maximum rate, then the amount so paid will not constitute interest but will constitute a prepayment on account of the principal amount of this Note. If at any time the interest rate under this Note would, but for the provision of the preceding sentence, exceed the maximum rate permitted by law, then the outstanding principal balance of this Note shall, on demand by the holder of this Note, become and be due and payable.

All payments under this Note shall be made without defense, set-off or counterclaim, free and clear of and without deduction for any taxes of any nature now or hereafter imposed.

The undersigned agrees to pay on demand all expenses of collecting and enforcing this Note, including, without limitation, reasonable expenses and fees of legal counsel, court costs and the cost of appellate proceedings.

The provisions of this Note shall in all respects be construed according to, and the rights and liabilities of the parties hereto and shall in all respects be governed by, the laws of the State of Rhode Island. This Note shall be deemed a contract made under the laws of the State of Rhode Island to be fully performed therein, and the validity of this Note and all rights an liabilities hereunder shall be determined under the laws of said State without reference to the conflicts of laws provisions thereof. Any dispute arising out of or in connection with this Note shall be conclusively resolved by final and binding arbitration conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in force unless the parties hereto mutually agree otherwise in writing; provided, however, that is such dispute involves issues related to insurance the arbitrator or arbitrators involved shall have expertise in insurance matters. The arbitration shall take place in Kent County, Rhode Island. The

determination of the arbitrator or arbitrators shall be final and binding upon the parties hereto, and judgment upon the arbitration award may be entered in any court of competent jurisdiction. The arbitrator or arbitrators shall prepare a written report containing a reasonably detailed analysis of their decision within thirty (30) days after the appointment of the final arbitrator to be appointed. The arbitration provisions of this Note shall survive the expiration or termination of this Note for any reason.

If any amount hereunder is payable on a day which is a Saturday, Sunday, legal holiday or a day on which banking institutions in Warwick, Rhode Island are authorized or required by law or by local proclamation to close, the due date thereof shall be extended to the next succeeding business day and interest thereon shall accrue during the period of such extension at the rate provided herein.

This Note may be amended only by a written instrument executed by the Company and the Holder.

**IN WITNESS WHEREOF**, ICOA, Inc. has caused this Promissory Note to be executed in its corporate name by its President, thereunto duly authorized.

Dated: November 1, 2005

ICOA, INC.

By:___________________________
Richard Schiffmann
President