UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ICOA, INC., *Plaintiff*, | : | |
| vs. | : | |
| KEVIN QUAINTANCE, *Defendant*. | : | C.A. No. 07-069 S |
| vs. | : | |
| ERWIN VAHLSING and GEORGE STROUTHOPOLOUS, *Third Party Defendants* | : | |

**COUNTERCLAIM AND THIRD PARTY DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR: (1) OBJECTION TO THIRD PARTY PLAINTIFF'S MOTIONS TO DEFAULT; AND (2) MOTION TO VACATE DEFAULTS**

Plaintiff and Counterclaim Defendant, ICOA, INC. ("ICOA"), and Third Party Defendants ERWIN VAHLSING, JR. ("Vahlsing") and GEORGE STROUTHOPOULOS ("Strouthopoulos") submit the following in support of their: (1) objection to the motions for entry of default against ICOA, Vahlsing and Strouthopoulos made by Defendant and Third Party Plaintiff, KEVIN QUAINTANCE ("Quaintance"), and (2) motion to vacate the defaults which entered against said parties.

## I. Facts

This case has been the subject of settlement and status conferences before Judge Magistrate Lovegreen - on May 30 and June 28, 2007, respecively - and as a result the parties tentatively agreed to settle the matter for a sum within an agreed-upon, relatively

narrow, range of monetary figures, subject to the closing on a significant re-financing by ICOA with its largest secured creditor.

Quaintance is well aware that ICOA does not have the funds to settle his claim for *any* amount unless and until the re-financing in question actually closes and the funds are disbursed. As a result, ***the parties agreed at the settlement conference on May 30, 2007 to stay any activity in the above matter until such time as said closing could occur.*** Subsequently, several telephone calls and e-mails were exchanged by respective counsel with respect to the delay which occurred as to the closing date and the reasons for the delay.

However, since the last appearance before Judge Magistrate Lovegreen on June 28, 2007, Quaintance moved, on or about July 24, 2007 and then on July 26, 2007, to default ICOA, Vahlsing and Strouthopoulos, and it appears that a default as to each of them was entered by the Clerk on or about July 27, 2007

Quaintance's motions to default, *which were made without advance notice*, are in breach of the agreement to stay activity in the case and should be vacated.

There is no dispute but that ICOA, Vahlsing and Strouthopoulos all have a meritorious defense to the Counterclaim and Third Party Complaint, as evidenced by the facts set forth in the Verified Complaint filed by ICOA in this action as well as the by the Answer to the Counterclaim and Third Party Complaint which is being filed contemporaneously with this Memorandum. In addition, Quaintance will not be unfairly prejudiced if the defaults are vacated.

## II. Applicable Law

Federal Rule of Civil Procedure Rule 55(c), entitled "*Setting Aside Default*," provides that: "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Id. Here, no judgment has entered so we are governed by the lenient standard under Rule 55(c), rather than the more stringent standard called for under Rule 60(b).

As was noted by this Court in U.S. v. One Parcel of Real Property, 682 F.Supp. 694, 697 (D.R.I. 1988):

> It has long been settled that the decision to set aside an entry of default for failure to respond to a motion is in the sound discretion of the trial court judge. Smith & Wesson v. U.S., 782 F.2d 1074, 1083 (1st Cir.1986). In this circuit, a trial court is free to set aside a default if the party presents a good reason for the default and the existence of a meritorious defense. American & Foreign Insurance Association v. Commercial Ins. Co., 575 F.2d 980, 983 (1st Cir.1978). Equally settled is the proposition that default judgements are not favored by the federal courts, Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc., 70 107 F.R.D. 665, 670 (S.D.Fla.1985), and all doubts are to be resolved in favor of the party seeking relief from judgement to facilitate resolution of disputes on their merits. Sony Corp. v. S.W.I. Trading Corp., Inc., 104 F.R.D. 535, 539-40 (S.D.N.Y.1985).

Id.; see also Coon v. Grenier, 867 F.2d 73, 76 (1st Cir.1989) ("Allowing an entry of default to be set aside on a showing of reasonable justification is in keeping with the philosophy that actions should ordinarily be resolved on their merits").

In Reyes v. Providence Place, 853 A.2d 1242, 1247 (R.I. 2004), the Rhode Island Supreme Court, *explicitly applying the same federal standard*, noted that:

> . . .the appropriate standard for the Superior Court to apply on a motion to vacate default before judgment on the default has been entered is the "good cause" standard under Rule 55(c). We previously have held that under Rule 55(c), 'the only showing required for removing [a] default [is] "good cause" and not the "mistake, inadvertence, surprise, or excusable neglect" showing which would [be] demanded under [Rule] 60(b), had the

> default been followed by the subsequent entry of a final judgment.' Berberian v. Petit, 118 R.I. 448, 452, 374 A.2d 791, 793 (1977). Furthermore, we have held that '***where there are no intervening equities, any doubt [about the existence of good cause,] should as a general proposition, be resolved in favor of the movant' so that the issue can be decided on the merits.*** Id. at 452-53, 374 A.2d at 793 (*quoting* 6 James W. Moore et al., Federal Practice ¶ 55.10[1], at 55-235-36 (2d ed. 1976)). We also have enumerated additional grounds upon which a motion to vacate default may be granted:
>
>> 'A Rule 55(c) motion also may be granted whenever the court finds that the default was not the result of gross neglect, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense.' Security Pacific Credit (Hong Kong) Ltd. v. Lau King Jan, 517 A.2d 1035, 1036 (R.I.1986) (*quoting* 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2696 at 518-19 (1983)).
>
> In addition, we also have joined federal courts in resolving doubts in favor of removing default in actions "where large sums of money are involved in the suit." R.C. Associates, 810 A.2d at 245 (citing Security Pacific Credit (Hong Kong) Ltd., 517 A.2d at 1037).

Id.

## III. CONCLUSION

For all the above reasons, the defaults which entered against ICOA, Vahlsing and Strouthopoulos should be vacated and the defaulted parties should be awarded the attorneys' fees which they have been forced to incur.

Plaintiff and Counterclaim Defendant,
ICOA, INC., and Third Party Defendants
ERWIN VAHLSING and
GEORGE STROUTHOPOULUS,
By their attorney,

/s/Anthony F. Cototne______
Anthony F. Cottone, #3922
55 Dorrance Street, Suite 400
Providence, RI 02903
Tel: (401) 578-5696
Fax: (401) 861-2922
cottonelaw@cox.net

**CERTIFICATION**

I hereby certify that a true and accurate copy of the above Memorandum in Support was transmitted through the ECF system of the United States District Court, D.R.I. to Mark B. Morse, Esq., 111 Wayland Avenue, Providence RI 02906 on this 2nd day of August, 2007.

/s/Anthony F. Cottone______